OPINION
{¶ 1} Defendant-appellant Lee M. Kepford ("Kepford") brings this appeal from the judgment of the Crawford County Municipal Court denying Kepford's motion to suppress.
 {¶ 2} On January 10, 2004, while on patrol in a police cruiser, Lt. Joseph Greathouse of the Bucyrus Police Department received a radio dispatch stating that a Hi-Miler gas station clerk had reported two persons occupying a Black Ford F-150 truck with license plate EQ60FE had left the station in the truck with open containers of alcohol. The clerk also stated that the occupants might be under the influence of alcohol. Lt. Greathouse subsequently observed this vehicle stopped at a flashing red light at an intersection for approximately 45 seconds. Lt. Greathouse then stopped the vehicle and Kepford was eventually arrested for driving under the influence of alcohol.
 {¶ 3} On March 8, 2004, Kepford filed a motion to suppress the evidence. A hearing was held on April 5, 2004. At the hearing, the only witness to testify was Lt. Greathouse. Lt. Greathouse testified that dispatch advised him that the clerk from the Hi-Miler gas station had called with a tip about an intoxicated driver. The dispatch stated that the clerk had seen an open container and gave the vehicle description and license plate. Based upon this tip, Lt. Greathouse stopped Kepford's vehicle. On April 26, 2004, the trial court overruled the motion to suppress finding that the tip contained sufficient information to justify the stop. On May 18, 2004, Kepford filed a motion to reconsider, which was denied. Kepford then entered a plea of no contest on June 11, 2004. The trial court found Kepford guilty. Kepford appeals from the denial of the motion to suppress and raises the following assignment of error.
The trial court erred in denying [Kepford's] motion tosuppress evidence and dismiss the charges against [Kepford] asthe officer did not have a reasonable suspicion justifying theinitial stop. Evidence seized after the stop of [Kepford] shouldhave been suppressed as evidence obtained fell under the fruit ofthe poisonous tree doctrine.
 {¶ 4} Appellate review of a trial court's ruling granting a motion to suppress involves mixed questions of law and fact.State v. Long (1998), 127 Ohio App.3d 238, 713 N.E.2d 1. "[A] reviewing court must defer to the trial court's findings of fact if competent, credible evidence exists to support the trial court's findings." State v. Hapney, 4th Dist. Nos. 01CA30, 01CA31, 2002-Ohio-3250, at ¶ 28. "The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case." Id.
 {¶ 5} In this case, the facts are not in question. The parties agree that there was a dispatch and as to the contents of that dispatch. The parties also agree that the sole reason for the stop was the dispatch. Thus, the only issue before the trial court, and this court, is whether the informant who provided the information was reliable enough to support a reasonable suspicion upon which the officer could have reasonably based the stop.
 {¶ 6} The Ohio Supreme Court has addressed the issue of the reliability of telephone tips and the use of such as the basis for a traffic stop in Maumee v. Weisner (1999),87 Ohio St.3d 295, 720 N.E.2d 507. In Weisner, the Supreme Court held that the facts precipitating the dispatch must justify a reasonable suspicion of criminal activity and that the tip must have sufficient indicia of reliability. "Where, as here, the information possessed by the police before the stop stems solely from an informant's tip, the determination of reasonable suspicion will be limited to an examination of the weight and reliability due that tip." Id at 299. The relevant factors are the informant's veracity, reliability, and basis of knowledge. Id. An identified citizen informant may be considered highly reliable and other indicia of reliability may be unnecessary. Id. at 300. However, "where an officer making an investigative stop relies solely upon a dispatch, the state must demonstrate at a suppression hearing that the facts precipitating the dispatch justified a reasonable suspicion of criminal activity." Id. Thus, the appropriate analysis is whether the tip was sufficiently reliable to justify the investigative stop. Id.
 {¶ 7} This court has also addressed this issue in State v.Devanna, 3rd App. No. 2-04-12, 2004-Ohio-5096. In Devanna, a dispatch was made concerning a drunk driver who had gone through a Captain D's drive-thru. The caller identified herself and her place of employment, told the officer what she had seen, and gave the officer a description of the vehicle, including the license plate number. Based upon this information, the officer issued a dispatch to other officers to look for this vehicle as a possible drunk driver. An officer saw the vehicle, but did not see any unusual driving. The officer stopped the vehicle solely based upon the telephone tip. The defendant filed a motion to suppress the stop claiming that the tip was not sufficiently reliable to provide the basis for the stop. At the hearing on the motion to suppress, the State presented the testimony of the officer and the testimony of the person who phoned in the tip. The informant testified to her first hand knowledge of what she had observed and testified to what she had told the officer. The officer testified to what had been reported in the dispatch. Based upon the information given in the call and the immediacy of the call, this court found that the tip was very trustworthy and due significant weight. This court found that the contents of the call were sufficient to justify a stop. Thus, the denial of the motion to suppress the stop was upheld.
 {¶ 8} Here, the officer testified as follows.
The dispatcher, Captain Kepke, advised me of a possible drunkdriver leaving Hi-Miler. Basically advised that the clerk atHi-Miler had called in a drunk driver. Advised that bothsubjects, who had been at the store were intoxicated and had opencontainers in the vehicle. Then he gave a description of a blackFord F-150 and proceeded with a license plate number. Tr. 7. The State did not call the dispatcher to testify as to everything the clerk stated. The State also did not call the clerk to testify as to her first hand knowledge. Instead, the State only presented the evidence that an unknown person, purported to be a Hi-Miler clerk, had called in a report of a possible drunk driver with an open container without providing any evidence by which the veracity of this report could be determined by the dispatcher, the officer, or ultimately the court. Based solely on the police dispatcher's report of a citizens' telephone report, the patrolling officer stopped the defendant's vehicle to investigate. Lieutenant Greathouse testified that he had observed no behavior which would have caused him to stop the vehicle. The officer further testified that absent the dispatch, he would not have stopped appellant's vehicle. Given that no evidence was presented by the State to demonstrate the reliability or truthfulness of the informant or of the phone-in tip upon which the dispatch and subsequently the traffic stop were made, no showing was made by the State that the officer justifiably relied on the dispatch to form a reasonable suspicion that an offense had been or was being committed by the appellant before stopping appellant's vehicle. Therefore the trial court should have suppressed the evidence obtained as a result of the traffic stop. The assignment of error is sustained.
 {¶ 9} The judgment of the Crawford County Municipal Court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Judgment Reversed and Cause Remanded.
 Shaw, P.J. and Rogers, J., concur.